```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                     :
TRAVELERS INDEMNITY COMPANY OF                                       :
CONNECTICUT,                                                         :
                                                                     :         1:21-cv-5841-GHW
                                            Plaintiff,               :
                                                                     :              ORDER
                     -against-                                       :
                                                                     :
STARR INDEMNITY & LIABILITY COMPANY,                                 :
                                                                     :
                                            Defendant.               :
                                                                     :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/24/2022

GREGORY H. WOODS, District Judge:

On December 14, 2021, the Court issued an order conditionally discontinuing this action. Pursuant to the terms of that order, the plaintiff was provided the option to apply for restoration of the action to the active calendar of the Court by the date that was 45 days following the issuance of the order. In accordance with the terms of that order, if the plaintiff failed to apply for restoration of the case by that date, the case would be automatically dismissed with prejudice.

By letter dated January 27, 2022, the parties requested that the Court extend the deadline for the plaintiff to apply for restoration of the case to the Court's active calendar, or, alternatively, for the parties to submit a stipulation of settlement and dismissal. The Court granted that application. Pursuant to the Court's January 27, 2022 Order, Dkt. No. 22, the deadline for the plaintiff to apply for restoration of the case to the Court's active calendar, or, alternatively, for the parties to submit a stipulation of settlement and dismissal, was extended to February 18, 2022.

On February 17, 2022, Plaintiff requested that this case be restored to the Court's active docket. The Court granted that request on February 18, 2022 and scheduled a status conference for February 24, 2022. Dkt. No. 24. At the February 24, 2022 conference, the parties informed the

Court that they had made progress on the settlement and wished for additional time to consummate the stipulation of dismissal.

Accordingly, it is hereby ORDERED that this action be conditionally discontinued without prejudice and without costs; provided, however, that within forty-five (45) days of the date of this Order, the parties may submit to the Court their own Stipulation of Settlement and Dismissal.[1] Otherwise, within such time Plaintiff may apply by letter for restoration of the action to the active calendar of this Court in the event that the settlement is not consummated.  Upon such application for reinstatement, the parties shall continue to be subject to the Court's jurisdiction, the Court shall promptly reinstate the action to its active docket, and the parties shall be directed to appear before the Court, without the necessity of additional process, on a date within ten (10) days of the application, to schedule remaining pretrial proceedings and/or dispositive motions, as appropriate. This Order shall be deemed a final discontinuance of the action with prejudice in the event that Plaintiff has not requested restoration of the case to the active calendar within such 45-day period.

The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and to close this case.

SO ORDERED.

Dated: February 24, 2022

_____
GREGORY H. WOODS
United States District Judge

---

[1] As explained in Rule 4(E) of the Court's Individual Rules of Practice in Civil Cases, the Court will not retain jurisdiction to enforce confidential settlement agreements.  If the parties wish that the Court retain jurisdiction to enforce the agreement, the parties must place the terms of their settlement agreement on the public record.